J-S39041-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,    :    IN THE SUPERIOR COURT OF
:    PENNSYLVANIA
          Appellee    :
:
          v.    :
:
SHAKUR GANNAWAY,    :
:
          Appellant    :    No. 468 EDA 2015

Appeal from the PCRA Order entered on January 12, 2015
in the Court of Common Pleas of Northampton County,
Criminal Division, No. CP-48-CR-0003741-2002

BEFORE:  BOWES, OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:    **FILED JULY 29, 2015**

Shakur Gannaway ("Gannaway"), *pro se*, appeals from the Order

dismissing his "Petition for Writ of Error *Coram Nobis*."[1]  We affirm.

On July 16, 2003, a jury convicted Gannaway of one count each of

possession of a controlled substance with intent to deliver, possession of a

---

[1] We note that Gannaway's Petition for Writ of Error *Coram Nobis* is not
included in the certified record or listed in the docket.  ***See Commonwealth
v. Preston***, 904 A.2d 1, 7 (Pa. Super. 2006) (stating that "the responsibility
rests upon the appellant to ensure that the record certified on appeal is
complete in the sense that it contains all of the materials necessary for the
reviewing court to perform its duty.").  Nevertheless, the Post Conviction
Relief Act ("PCRA") court stated that Gannaway filed the Petition on
December 10, 2014, and that the Petition would be considered under the
PCRA.  Pa.R.Crim.P. 907 Notice, 12/19/14, at 2 (unnumbered); ***see also*** 42
Pa.C.S.A. § 9542 (providing that "[t]he action established in this subchapter
shall be the sole means of obtaining collateral relief and encompasses all
other common law and statutory remedies for the same purpose that exists
when this subchapter takes effect, including *habeas corpus and coram
nobis*.").  Here, the PCRA court properly considered the Petition, which raises
ineffective assistance of counsel claims, under the PCRA.  ***See
Commonwealth v. Turner***, 80 A.3d 754, 770 (Pa. 2013).

controlled substance, possession of small amount of marijuana, resisting arrest, and tampering with or fabricating physical evidence. The trial court sentenced Gannaway to an aggregate prison term of thirty to sixty months. This Court affirmed judgment of sentence on May 14, 2004. **Commonwealth v. Gannaway**, 855 A.2d 131 (Pa. Super. 2004) (unpublished memorandum).

Gannaway filed a timely PCRA Petition, claiming, *inter alia*, that direct appeal counsel was ineffective for failing to file a requested petition for allowance of appeal with the Pennsylvania Supreme Court of Pennsylvania. The PCRA court allowed Gannaway to file a *nunc pro tunc* petition for allowance of appeal with the Pennsylvania Supreme Court. The Supreme Court denied Gannaway's Petition for allowance of appeal. **Commonwealth v. Gannaway**, 895 A.2d 1259 (Pa. 2006).

Gannaway filed the instant Petition in December 2014. The PCRA court addressed the Petition under the PCRA, and dismissed the Petition as untimely. Gannaway filed a timely Notice of Appeal.

Initially, we note that Gannaway's brief on appeal does not meet the following requirements: Pa.R.A.P. 2111(a)(1) and 2114 (statement of jurisdiction); Pa.R.A.P. 2111(a)(2) and 2115(a) (order in question); Pa.R.A.P. 2111(a)(3) (statement of both the scope of review and the standard of review); Pa.R.A.P. 2111(a)(4) and 2116 (statement of questions); Pa.R.A.P. 2111(a)(5) and 2117 (statement of the case); and

Pa.R.A.P. 2111(a)(6) and 2118 (summary of the argument). However, despite these substantial defects, we decline to quash the appeal. ***See Commonwealth v. Adams***, 882 A.2d 496, 498 (Pa. Super. 2005) (stating that "this Court is willing to liberally construe materials filed by a *pro se* litigant[.]").

Our standard of review regarding a PCRA court's dismissal of a PCRA petition is whether the PCRA court's decision is supported by the evidence of record and is free of legal error. ***Commonwealth v. Garcia***, 23 A.3d 1059, 1061 (Pa. Super. 2011).

Initially, Gannaway was sentenced to a maximum of five years in September 2003 and, therefore, his sentence has been complete for approximately seven years. Pa.R.Crim.P. 907 Notice, 12/19/14, at 3 (unnumbered). Thus, Gannaway is not eligible for relief under the PCRA because he is no longer serving a sentence of imprisonment, probation, or parole. ***See*** 42 Pa.C.S.A. § 9543(a)(1) (stating that petitioner is eligible for relief if currently serving a sentence of imprisonment, probation, or parole for the crime).

Even if Gannaway was currently serving a sentence, Gannaway's December 2014 Petition is facially untimely under the PCRA, and he has not presented any exceptions to the PCRA timeliness requirements. ***See*** 42 Pa.C.S.A. § 9545(b)(1) (stating that a PCRA petition must be filed within one year of the defendant's judgment of sentence becoming final unless the

- 3 -

petition pleads and proves one of three exceptions); *see also* *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010) (stating that the PCRA's timeliness requirements are jurisdictional in nature and a court may not address the merits of the issues raised if the PCRA petition was not timely filed).[2]

Order affirmed. Motion to Modify and Reduce Sentence denied. Application for Relief (June 4, 2015 Objection to the Superior Court Confusing my Coram Nobis, etc.) denied. Objection to Judge F.P. Kimberly McFadden Attempt to Disregard the Abandonment of Court denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/29/2015

---

[2] Gannaway's claims of ineffective assistance of counsel do not implicate the timeliness exceptions. *See Commonwealth v. Wharton*, 886 A.2d 1120, 1127 (Pa. 2005) (stating that "allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA."). Moreover, to the extent Gannaway argues that his Berks County sentence was illegal, the PCRA court lacked "jurisdiction over any proceedings in Berks County." Pa.R.Crim.P. 907 Notice, 12/19/14, at 4 (unnumbered).